United States District Court
Southern District of Texas
**ENTERED**
December 31, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SARA NICOLLE FRANCO MATAMOROS, | § § | CIVIL ACTION NUMBER 4:25-cv-05973 |
| Petitioner, | § § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| RANDY TATE, *et al*, Respondents. | § § § | |

## ORDER

The motion by Respondents for summary judgment was granted at hearing, with further order to follow. Dkt 9. This Order now specifies those reasons.

Petitioner Sara Nicolle Franco Matamoros is a citizen of Honduras who entered the United States without lawful permission on or about September 18, 2024. Dkt 1 at ¶12. She was recently taken into custody by Immigration and Customs Enforcement, where she currently remains. Id at ¶¶14–16. Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

Pending is a petition for a writ of *habeas corpus*, by which Petitioner challenges her detention under the INA and Due Process Clause of the Fifth Amendment. See id at ¶¶22–34.

The Government filed a motion for summary judgment in response. Dkt 7. It contends that Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A), which provides for mandatory detention during removal proceedings. Id at 3–5.

This action presents the same issue of textual interpretation recently addressed and resolved by the undersigned in *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex). The construction given 8 USC §§1225 and 1226 in that case thus controls here.

Petitioner's due process claim also fails. As observed by the Supreme Court, "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v Kim*, 538 US 510, 531 (2003) (citations omitted). As such, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id at 526.

Citation by Petitioner to *Zadvydas v Davis* is also unavailing, as there the Supreme Court explicitly distinguished *post*-removal-period detention (which has no obvious termination point, thus requiring a constitutional constraint on unbounded detention) from "detention pending a determination of removability." 533 US 678, 697 (2001). Regardless, Petitioner hasn't shown that his detention is approaching the six-month presumption in *Zadvydas*.

As such, the motion by the Government for summary judgment will be granted. Dkt 7.

The petition for writ of *habeas corpus* will also be denied, and the motion by Petitioner for temporary restraining order will be denied. Dkts 1 & 2.

\* \* \*

In so concluding, respectful acknowledgement is given to the seven other district court judges in the Houston Division who have also recently reached the statutory issue presented in this case. Each has determined under similar circumstances in favor of §1226 over §1225. For example, see *Ortega-Aguirre v Noem*, 4:25-cv-04332 (SD Tex, Oct 10, 2025) (Bennett, J); *Hernandez Lucero v Noem*, 4:25-cv-03981 (SD Tex, Oct 23, 2025) (Ellison, J); *Aslamov v Bradford*, 4:25-cv-04299 (SD Tex, Oct 30, 2025) (Hanks, J); *Mejia Juarez v Bondi*, 4:25-cv-03937 (SD Tex, Oct 27, 2025) (Hoyt, J); *Buenrostro-Mendez v Bondi*, 2025 WL 2886346,

(SD Tex) (Rosenthal, J); *Reyes-Lopez v Noem*, 4:25-cv-04629 (SD Tex, Nov 21, 2025) (Lake, J); *Espinoza Andres v Noem*, 4:25-cv-05128 (SD Tex, Dec 2, 2025) (Hittner, J). Another three judges in this Division haven't reached decision, but two have it currently pending before them. For example, see *Romero Moreno v Tate*, 4:25-cv-04903 (SD Tex) (Hanen, J); *Martinez-Sarres v Warden*, 4:25-cv-05273 (SD Tex) (Werlein, J).

That said, until the Fifth Circuit gives a definitive interpretation, it is simply up to each district court judge to give the text his or her own best reading. And in that regard, it's also noted that at least two cases from the Southern District of Texas are currently pending before the Fifth Circuit on this issue. See *Buenrostro-Mendez v Bondi*, 25-20496 (cited above, per Rosenthal, J); *Covarrubias v Vergara*, 25-40701 (per Kazen, J, SD Tex, Laredo Division).

If decision from the Fifth Circuit enters that is contrary to the ruling here and in *Montoya Cabanas v Bondi*, 2025 WL 3171331, (SD Tex), Petitioner may freely seek leave to file a motion for reconsideration on an expedited basis, if desired. Or she may initiate a separate petition.

\* \* \*

The motion by the Government for summary judgment is GRANTED Dkt 7.

The petition for writ of *habeas corpus* by Petitioner Sara Nicolle Franco Matamoros is DENIED. Dkt 1.

The motion by Petitioner Sara Nicolle Franco Matamoros for temporary restraining order is DENIED. Dkt 2.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on December 22, 2025, at Houston, Texas.

*/s/ CR Eskridge*
Honorable Charles Eskridge
United States District Judge

3